**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| OSCAR A. LOPEZ-PELAEZ, #28238078 | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:21cv645** |
| | § | **CRIMINAL ACTION NO. 4:17cr73(10)** |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Movant Oscar Andres Lopez-Pelaez filed a "notice to file a claim of ineffective assistance of counsel," which was construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

## I.  BACKGROUND OF THE CASE

On January 2, 2020, the District Court sentenced Movant to one hundred thirty-five months' imprisonment after he pled guilty to Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing, and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, in violation of 21  U.S.C. § 963.  Crim. ECF Dkt. #331.  Movant did not file a direct appeal, but on February 1, 2021, he filed  "Notice to file a claim of ineffective assistance of counsel" (Dkt. #1).  The notice was construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  After Movant completed the standard § 2255 form (Dkt. #6), on April 5, 2023, the court ordered Movant to file a response as to the timeliness of his § 2255 motion within

1

fourteen days (Dkt. #8).   As of today's date, Movant has failed to comply with the court's order. Nonetheless, as shown below, the court concludes that the construed § 2255 motion was not timely filed; accordingly, it will be recommended that the case be denied and dismissed as barred by the statute of limitations.   The Government was not ordered to file a Response.

## II.  ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") went into effect.   A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255.   In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed.   *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000);   *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). When a defendant fails to file a timely notice of appeal from the judgment of the trial court, the conviction is final upon the expiration of the time for filing a notice of appeal, which is fourteen days after the entry of the judgment.   Fed. R. App. P. 4(b).   *See, e.g., Wims v. United States*, 225 F.3d 186, 188 (2nd Cir. 2000).

Movant's Final Judgment issued on January 2, 2020; thus, his notice of appeal was due fourteen days later.   Fed. R. App. P. 4(b).   Movant did not file a notice of appeal; consequently, the conviction became final for purposes of § 2255 fourteen days later, on January 16, 2020. Accordingly, the present § 2255 motion must have been filed within one year from the date on which the judgment became final.   Because January 16, 2021, was a Saturday, however, Movant had until

Monday,  January 18, 2021, in which to file the § 2255 motion. He did not file it until July 30, 2021[1]

– six months and twelve days beyond the limitations deadline.  Consequently,  the § 2255 motion

is time-barred unless Movant demonstrates that he is entitled to equitable tolling.

The United States Supreme Court confirmed the AEDPA statute of limitations is not a

jurisdictional bar, and it is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645

(2010).  "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'  and

prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 560

U.S. at 649).  "Courts must consider the individual facts and circumstances of each case in

determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th

Cir. 2002).  The petitioner bears the burden of proving he is entitled to equitable tolling.  *Phillips v.

Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held the district court has the power to equitably toll the limitations

period only in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th

Cir.1998). To qualify for such equitable tolling, the petitioner must present "rare and exceptional

circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074

(1999).  In making this determination, it should be noted the Fifth Circuit has expressly held that

proceeding *pro se,* illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process

---

[1] Movant's notice was received by the Clerk of Court on August 13, 2021 (Dkt. #1).  While Movant failed to state the date he placed the notice  in the prison mail system, his notice is dated July 30, 2021.  Movant could not have delivered the notice to the prison mail system prior to that date; therefore, the court deems July 30, 2021, as the date Movant placed it in the prison mail system.  *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (the timeliness of petition for determining the effective date of the AEDPA limitations deadline depends on the date prisoner delivered his papers to prison authorities for filing).

do not constitute extraordinary circumstances. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the court is aware dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324 (1996). The Fifth Circuit has held, however, that "[e]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).   To obtain the benefit of equitable tolling, Movant must also establish he pursued habeas relief with "reasonable diligence." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *Holland*, 560 U.S. at 653 (the diligence required for equitable tolling purposes is reasonable diligence).

 Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)).  Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief.  *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

On April 5, 2023, the court provided an opportunity for Movant to respond to the timeliness

of his § 2255 motion (Dkt. #8).  As of today's date, Movant has failed to respond. Nonetheless, the record shows that Movant filed his § 2255 motion six months and twelve days beyond the limitations deadline, and he has failed to demonstrate that he is entitled to equitable tolling.  Movant fails to show that "rare and extraordinary circumstances" prevented him  from timely filing his § 2255 motion, *Davis*, 158 F.3d at 810-11, or that he exercised due diligence,  *Palacios*, 723 F.3d at 604. Accordingly, Movant's § 2255 motion should be denied.

### III.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(B).  Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether he would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*;  *Henry v. Cockrell*, 327 F.3d 429,

431 (5th Cir. 2003).  When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, it is recommended the court find Movant is not entitled to a certificate of appealability.

## IV.  RECOMMENDATION

It is recommended the above-styled motion  for relief under 28 U.S.C. § 2255 be denied and this case be dismissed with prejudice.  It is further recommended a certificate of appealability be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)( C).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to

factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 4th day of July, 2023.**


AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE